| | |
|---|---|
| James E. Lapeze<br>Texas Bar No. 24032531<br>jelapeze@liskow.com<br>LISKOW & LEWIS<br>701 Poydras Street, Suite 5000<br>New Orleans, Louisiana 70139<br>Telephone: (504) 581-7979<br>Facsimile: (504) 556-4108 | Michael D. Rubenstein<br>Texas Bar No. 24047514<br>mdrubenstein@liskow.com<br>Robert L. Theriot<br>Texas Bar No. 24044508<br>rltheriot@liskow.com<br>LISKOW & LEWIS<br>1001 Fannin Street, Suite 1800<br>Houston, Texas 77002<br>Telephone: (713) 651-2900<br>Facsimile: (713) 651-2908 |

*ATTORNEYS FOR OLYMPIA MINERALS LEASING, LLC*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

IN RE:                                                          Chapter 11

BRITLIND OIL, LLC                                   Case No. 18-33693-sgj11

    DEBTOR
_____

BRITLIND OIL, LLC,

    PLAINTIFF

vs.                                                               Adversary No. 19-03013-sgj

OLYMPIA MINERAL LEASING, LLC

    DEFENDANT

### DEFENDANT OLYMPIA MINERALS LEASING, LLC'S
### ANSWER AND COUNTERCLAIM

Now into court, through undersigned counsel, comes Olympia Minerals Leasing, LLC, ("OML"), and for its answer to the allegations contained in Plaintiff's Original Petition (the "Complaint") respectfully avers, upon information and belief, as follows:

### I.  ANSWER

This matter comes before the Court as an action that has been removed by Britlind Oil, LLC (the "Debtor" or "Britlind"), the debtor in the above-captioned Chapter 11 case, from the

101st Judicial District Court, Dallas County, Texas.  Prior to the removal of this action on February 2, 2019, OML filed a general denial with the state court.  That general denial is attached as an exhibit to the Debtor's Notice of Removal [Dkt. No. 1}.  OML hereby adopts, and reincorporates as if set forth herein, its general denial.  But out of an abundance of caution and to ensure compliance with Rule 8(b) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7008 of the Federal Rules of Bankruptcy Procedure,  OML submits this answer to the Complaint.  To the exent any allegation contained in the Complaint is not specifically admitted, it is denied.

1. The allegations contained in paragraph 1 of the Complaint relate to Texas procedure, which has been rendered inapplicable by the Debtor's removal of the case to this court and, thus, no response is required.  To the extent a response is required, the allegations contained in paragraph 1 are denied.

2. OML denies the allegations contained in paragraph 2 for lack of information sufficient to justify a belief therein.

3. OML admits that it organized under the laws of Delaware and maintains its principal offices in Dallas County, Texas.  The remainder of the allegations contained in paragraph 3 of the Complaint are denied.

4. The allegations contained in paragraph 4 of the Complaint relate to Texas procedure, which has been rendered inapplicable by the Debtor's removal of the case to this court and, thus, no response is required.  To the extent a response is required, the allegations contained in paragraph 4 are denied.

5. The allegations contained in paragraph 5 of the Complaint relate to Texas procedure, which has been rendered inapplicable by the Debtor's removal of the case to this court

and, thus, no response is required. To the extent a response is required, the allegations contained in paragraph 5 are denied.

6. The allegations contained in paragraph 6 of the Complaint relate to Texas procedure, which has been rendered inapplicable by the Debtor's removal of the case to this court and, thus, no response is required. To the extent a response is required, the allegations contained in paragraph 6 are denied.

7. The allegations contained in paragraph 7 of the Complaint relate to Texas procedure, which has been rendered inapplicable by the Debtor's removal of the case to this court and, thus, no response is required. To the extent a response is required, the allegations contained in paragraph 7 are denied.

8. OML denies the allegations contained in Paragraph 8 for lack of information sufficient to justify a belief therein.

9. OML admits it owns certain mineral rights in the western part of the State of Louisiana. The remainder of the allegations contained in paragraph 9 of the Complaint are denied.

10. OML admits the allegations in paragraph 10 of the Complaint.

11. OML admits it entered into a sublease with Britlind, which is subject to the Letter Agreement. The remainder of the allegations in paragraph 11 of the Complaint are denied.

12. The allegations contained in paragraph 12 of the Complaint are denied. The Starks Lease is the best evidence of its terms and content.

13. The allegations contained in paragraph 13 of the Complaint are denied. The Letter Agreement is the best evidence of its own terms and content.

14. The allegations contained in paragraph 14 of the Complaint are denied. The Letter Agreement is the best evidence of its own terms and content.

15. The allegations contained in paragraph 15 of the Complaint are denied. The Letter Agreement is the best evidence of its own terms and content.

16. OML admits that it granted Britlind a written extension of time with respect to the performance of certain obligation under the Letter Agreement (the "Extension"). The Extension is the best evidence of its own terms and contents. The remainder of the allegations contained in paragraph of

17. OML denies the allegations contained in paragraph 17 of the Complaint.

18. OML denies the allegations contained in paragraph 18 of the Complaint.

19. OML denies the allegations contained in paragraph 19 of the Complaint.

20. OML denies the allegations contained in paragraph 20 of the Complaint.

21. OML denies the allegations contained in paragraph 21 of the Complaint.

22. OML denies the allegations contained in paragraph 22 of the Complaint.

23. OML denies the allegations contained in paragraph 23 of the Complaint.

24. OML denies the allegations contained in paragraph 24 of the Complaint.

25. OML denies the allegations contained in paragraph 25 of the Complaint.

26. OML denies the allegations contained in paragraph 26 of the Complaint.

27. OML denies the allegations contained in paragraph 27 of the Complaint.

28. OML denies the allegations contained in paragraph 28 of the Complaint.

29. OML denies the allegations contained in paragraph 29 of the Complaint.

30. OML denies the allegations contained in paragraph  of the Complaint.

31. Britlind's prayer for relief requires no answer; however, to the extent an answer is deemed necessary, OML denies the allegations contained in the prayer.

32. OML further denies each and every other allegation in the Complaint, including those in the preamble, section headings, the prayer for relief, and any unnumbered or misnumbered paragraphs.

## II.    AFFIRMATIVE DEFENSES

33. **AND NOW**, OML asserts the following defenses against Britlind, without assuming the burden of proof on any that are purely negative defenses for which the burden remains with Britlind:

### Defense 1

34. Britlind has failed to state a claim upon which relief can be granted.

### Defense 2

35. Britlind has failed to perform its obligations under and has breached the Starks Sublease and Letter Agreement, as those terms are used in the Complaint.

### Defense 3

36. To the extent Britlind has suffered any damages, which is denied, Britlind has failed to mitigate its damages.

## III.    COUNTERCLAIM AND THIRD-PARTY COMPLAINT OF OLYMPIA MINERALS LEASING, LLC

**AND NOW**, OML asserts the following causes of action as a counterclaim against Britlind and against Fossil Fuels of Louisiana, LLC, Pecos Financial Company, LLC, Jonathan W. Thayer and Denise D. Thayer, William C. Duvall Jr. and Chelsea Tindel Duvall, Peter McGuire, and Charles E. Gale and Kerri Matthews Gale (collectively the "Additonal Defendants"), respectfully avers as follows:

**PARTIES**

37.     OML is a limited liability company organized under the laws of Delaware with its principal place of business in Texas, but at all times hereinafter mentioned, authorized to do, engaged in, and doing business within Louisiana.

38.     Britlind, the debtor in the above-capitioned Chapter 11 case, is a limited liability company organized under the laws of Louisiana with its principal place of business in Texas.

39.     Fossil Fuels of Louisiana, LLC is a limited liability company organized under the laws of Louisiana with its principal place of business in Louisiana, and may be served with process through its registered agent for service: Elizabeth Van Fossen Abdalla, 216 Renee Ave., Lafayette, Louisiana 70503.

40.     Pecos Financial Company, LLC is a limited liability company organized under the laws of Texas with its principal place of business in Texas, and may be served with process through its registered agent for service: John Shackelford, 9201 N. Central Expressway, Fourth Floor, Dallas, TX 75231.

41.     Jonathan W. Thayer is an individual who, on information and belief, is a citizen of Texas, and may be served with process at 3809 Centenary, Dallas, Texas, 75225.

42.     Denise D. Thayer is an individual who, on information and belief, is a citizen of Texas, and may be served with process at 3809 Centenary, Dallas, Texas, 75225.

43.     William C. Duvall Jr. is an individual who, on information and belief, is a citizen of Texas, and may be served with process at 2000 McKinney Ave, Suite 1000, Dallas, Texas, 75201.

44. Chelsea Tindel Duvall is an individual who, on information and belief, is a citizen of Texas, and may be served with process at 2000 McKinney Ave, Suite 1000, Dallas, Texas, 75201.

45. Peter McGuire is an individual who, on information and belief, is a citizen of Texas, and may be served with process at 3839 McKinney Ave, Suite 503, Dallas, Texas, 75204.

46. Charles E. Gale is an individual who, on information and belief, is a citizen of Texas, and may be served with process at 2929 Milton, Dallas, Texas 75205.

47. Kerri Matthews Gale is an individual who, on information and belief, is a citizen of Texas, and may be served with process at 2929 Milton, Dallas, Texas 75205.

## JURISDICTION

48. This Court has jurisdiction over OML's claims against Britlind and the Additional Defendants pursuant to 28 U.S.C. §§ 157, 1334, 1452, and 2201 because this action relates to Britlind's Chapter 11 bankruptcy case.

## FACTUAL BACKGROUND

49. OML brings this civil action seeking (1) a declaratory judgment against Britlind and the Additional Defendants declaring the rights and legal relations of the parties, including the obligation of Britlind and the Additional Defendants to clean up and restore the leased premises; (2) a declaratory judgment against Britlind and the Additional Defendants declaring that the Sublease, as defined below, has terminated; and (3) the recovery of money damages for failure to timely provide written releases relating to the Sublease.

50. OML is the current owner of a mineral lease over certain acreage that is also covered by the OM mineral servitude in the Starks Field. As the mineral lessee, OML granted a sublease of a portion of its leased acreage to Britlind through a Partial Paid Up Sublease dated effective August 1, 2016 (the "Sublease").

51. A true and correct copy of the Sublease is attached hereto as Exhibit 1.

52. Contemporaneous with the granting of the Sublease to Britlind, OML and Britlind executed a letter agreement dated August 2, 2016 (the "Letter Agreement").[1] In addition to the obligations imposed on Britlind in the Sublease, the Letter Agreement contains additional terms governing the operations and obligations of Britlind in the Starks Field.

53. A true and correct copy of the Letter Agreement is attached hereto as Exhibit 2.

54. As expressed in the Letter Agreement, Britlind was required, among other things, to become the designated operator of record with the Louisiana Department of Natural Resources for certain wells in the Starks Field as listed in Exhibit A to the Letter Agreement, and to "plug and abandon a minimum of ten (10) such wells within one (1) year of the Effective Date of the Lease," as well as to "plug and abandon a minimum of twenty (20) such wells within two (2) year of the Effective Date of the Lease."

55. The Letter Agreement further provides that "[t]he…Sublease shall automatically terminate if any of the following events occurs… (3) Britlind fails to plug and abandon a minimum of ten (10) wells on the Leased Premises within one (1) year of the Effective Date of the Lease, and (4) Britlind fails to plug and abandon a minimum of twenty (20) wells on the Leased Premises within two (2) years of the Effective Date of the Lease."

56. The Letter Agreement also provides that "to the extent that this Letter Agreement is in conflict with the…Sublease, this Letter Agreement shall control."

57. Through a Partial Assignment of Oil, Gas and Mineral Leases dated effective July 1, 2017, Britlind assigned a partial interest in the Sublease to Jonathan W. Thayer and Denise D.

---

[1] In addition to OML and Britlind, Olympia Minerals, LLC also is a party to the Letter Agreement.

8

Thayer. This assignment was recorded in the Calcasieu Parish conveyance records as File No. 3299667, Book 4231, Page 313.

58. Through a Partial Assignment of Oil, Gas and Mineral Leases dated effective July 1, 2017, Britlind assigned a partial interest in the Sublease to Pecos Financial Company, LLC. This assignment was recorded in the Calcasieu Parish conveyance records as File No. 3299670, Book 4231, Page 332.

59. Through a Partial Assignment of Oil, Gas and Mineral Leases dated effective July 1, 2017, Britlind assigned a partial interest in the Sublease to William C. Duvall Jr. and Chelsea Tindel Duvall. This assignment was recorded in the Calcasieu Parish conveyance records as File No. 3299671, Book 4231, Page 339.

60. Through a Partial Assignment of Oil, Gas and Mineral Leases dated effective July 1, 2017, Britlind assigned a partial interest in the Sublease to Peter McGuire. This assignment was recorded in the Calcasieu Parish conveyance records as File No. 3318189, Book 4261, Page 859.

61. Through a Partial Assignment of Oil, Gas and Mineral Leases dated effective July 1, 2017, Britlind assigned a partial interest in the Sublease to Charles E. Gale and Kerri Matthews Gale. This assignment was recorded in the Calcasieu Parish conveyance records as File No. 3299665, Book 4231, Page 300.

62. Through a Partial Assignment of Oil, Gas and Mineral Leases dated effective July 1, 2017, Britlind assigned a partial interest in the Sublease to Fossil Fuels of Louisiana, LLC. In a letter dated July 27, 2018, counsel for Britlind informed OML that the assignment to Fossil Fuels of Louisiana, LLC has yet to be recorded in the Calcasieu Parish conveyance records, but Britlind intended to record this assignment.

63. True and correct copies of each of the Partial Assignments of Oil, Gas and Mineral Leases referenced in paragrahps 57-62 are attached in globo hereto as Exhibit 3.

64. Pursuant to the Letter Agreement, Britlind was required to become the designated operator of record with the Louisiana Department of Natural Resources for certain wells in the Starks Field as listed in Exhibit A to the Letter Agreement, and to "plug and abandon a minimum of twenty (20) such wells within two (2) year of the Effective Date of the Lease."

65. Britlind took action to become the operator of record for the wells listed on Exhibit A to the Letter Agreement (and remains the operator of record for such wells), but failed to timely plug and abandon the minimum number of wells in the Starks Field as required by the express terms of the Letter Agreement.

66. While Britlind did purport to plug and abandon some wells in the Starks Field, it failed to comply with the rules and regulations of the Louisiana Department of Natural Resources with respect to some, if not all, of the wells it purportedly plugged in the field.  The wells were not properly and safely plugged and abandoned, and on information and belief, several of the wells that Britlind attempted to plug have been left in an unsafe condition and will require further work to meet required specifications under Louisiana law.

67. The Letter Agreement provides that "[t]he…Sublease shall automatically terminate if any of the following events occurs…(4) Britlind fails to plug and abandon a minimum of twenty (20) wells on the Leased Premises within two (2) years of the Effective Date of theLease."

68. Based on Britlind's failure to perform its obligations under the Letter Agreement, the Sublease terminated no later than August 1, 2018.

69. By letter dated August 2, 2018, counsel for OML demanded on its behalf a written release of the Sublease as required by the parties' agreements.  Said letter was directed to

and received by Britlind and its then counsel as well as each of the persons that OML knows to have received an assigned interest in the Sublease from Britlind. A true and correct copy of this August 2, 2018 letter is attached hereto as Exhibit 4.

70. To date, neither Britlind nor any of the Additional Defendants have provided OML with an executed copy of the written release of the Sublease.

## REQUEST FOR DECLARATORY JUDGMENT

71. Under the facts alleged above, which are incorporated herein by this reference, it is clear that there is a dispute between OML, on the one hand, and Britlind and the Additional Defendants, on the other hand, concerning the termination of the Sublease, and the parties' rights and legal relations under said lease. Therefore, OML is entitled to a declaratory judgment, in addition to the other relief sought herein.

72. Britlind and the Additional Defendants' actions in failing to provide written releases of the Sublease require resolution by this Court to adjudicate the parties' rights and obligations under the lease instruments. Without this Court's adjudication, the validity of the Sublease will remain in question to third parties searching the public records to the prolonged detriment of OML's rights.

73. OML is entitled to entry of a declaratory judgment declaring the rights and legal relations of the subject parties and declaring that the Sublease has terminated by its own terms based on Britlind's failure to comply with the terms of the Letter Agreement.

## REQUEST FOR DAMAGES

74. The Sublease provides the following with respect to its termination:

> Within sixty (60) days after the expiration or termination of this Sublease as to all or any portion of the Subleased Premises, including without limitation any depth in and under such lands, either during or after the Primary Term hereof, Sublessee shall execute and record an appropriate release and acknowledgement of such

expiration or termination covering all lands and depths as to which this Sublease has expired or terminated. Sublessee shall also supply Sublessor with a copy or copies thereof properly certified by the recorder of the Parish in which the Subleased Premises are located. If within thirty (30) days after receiving a written request for such a release (which request may be delivered during such foregoing period), Sublessee fails to timely comply with such request, Sublessee shall be liable for reasonable attorney's fees and court costs incurred in bringing suit for such failure and for all damages resulting therefrom, In addition, damages shall be paid by Sublessee to Sublessor equal to two hundred fifty dollars ($250.00) per day for each day of non-compliance after the expiration of said thirty (30) day period, regardless of whether suit is filed for a release or for such additional compensatory damages as Sublessor may prove. The payment of any damages hereunder shall not eliminate Sublessee's obligation to perform or to eliminate Sublessee's liability hereunder.

75. Britlind and the Additional Defendants have failed to provide OML with written releases of the Sublease despite a written request for such release by letter dated August 2, 2018.

76. OML is entitled to damages equaling $250.00 per day from each of Britlind and the Additional Defendants for each day after September 1, 2018 that each of Britlind and the Additional Defendants fails to provide a written release of the Sublease.

77. OML also is entitled to reasonable attorneys' fees and court costs associated with bringing this lawsuit based on Britlind and the Additional Defendants' failure to provide a written release of the Sublease.

## **OBLIGATION TO RESTORE THE LEASED PREMISES**

78. The operations on the property covered by the Sublease have ceased. The Sublease provides that the sublessee is responsible to restore the leased premises as follows:

Within ninety (90) days immediately following any operation or cessation of operations hereunder, Sublessee shall remove all well equipment, trash, debris, pipe, etc., from the subleased premises and backfill all pits and smooth the surface so as to return the land, insofar as practicable, to its original condition. Sublessee shall also remove any and all tainted surface soils and replace same with compatible soil.

12

79. Britlind and the Additional Defendants, as sublessees under the Sublease, are obligated to comply with the express terms of the Lease and restore the leased premises.

80. Pursuant to the terms of the Sublease, the obligations of Britlind and the Additional Defendants to clean up and restore the leased premises survive the termination of the agreements.

## **PRAYER**

Wherefore, Counterclaimant and Third Party Plaintiff, Olympia Mineral Leasing, LLC, prays that, after due proceedings in this matter, this Court issue: (a) a declaratory judgment against Britlind and the Additional Defendants declaring the rights and legal relations of the parties, including the obligation of Britlind and the Additional Defendants to clean up and restore the leased premises; (b) a declaratory judgment against Britlind and the Additional Defendants declaring that the Sublease has terminated; (c) judgment awarding to OML attorneys' fees, contractual damages in the amount of $250.00 per day per each of Britlind and the Additional Defendants from September 1, 2018, and any other damages to which OML is entitled for Britlind

*[Remainder of page intentionally left blank]*

and the Additional Defendants' failure to provide recordable releases for the Sublease; and (d) any and all other relief, legal or equitable, to which OML may be entitled.

DATED: March 6, 2019.

Respectfully submitted,

**LISKOW & LEWIS, APLC**

By: _____
Michael D. Rubenstein
Texas Bar No. 24047514
mdrubenstein@liskow.com
Robert L. Theriot
Texas Bar No. 24044508
rltheriot@liskow.com
LISKOW & LEWIS
1001 Fannin Street, Suite 1800
Houston, Texas 77002
Telephone: (713) 651-2900
Facsimile: (713) 651-2908

James E. Lapeze
Texas Bar No. 24032531
jelapeze@liskow.com
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

**ATTORNEYS FOR OLYMPIA MINERALS LEASING, LLC**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Defendant Olympia Minerals Leasing, LLC'S Answer and Counterclaim was served on all parties registered to receive electronic notice via the Court's CM/ECF system on this 6th day of March, 2019.

_____